1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRIS LANGER,<br><br>                            Plaintiff,<br><br>   v.<br><br>JUDITH ANN BARNES, in individual<br>and representative capacity as trustee<br>of the Barnes Family Trust dates May<br>9, 1996; and DOES 1-10,<br><br>                       Defendants. | CASE NO. 18cv112 DMS (JMA)<br><br>**ORDER DENYING DEFENDANT'S MOTION TO DISMISS** |

      This case comes before the Court on Defendant's motion to dismiss. Plaintiff filed an opposition to the motion, and Defendant filed a reply. For the reasons set out below, the motion is denied.

## I.

## BACKGROUND

      This is a straightforward case under the Americans with Disabilities Act ("ADA"). Plaintiff Chris Langer "is a paraplegic who cannot walk and who uses a wheelchair for mobility. He has a specially equipped van with a ramp that deploys out of the passenger side of his van and he has a Disabled Person Parking Placard issued to him by the State of California." (Compl. ¶ 1.) Plaintiff alleges that in October 2017 he attempted to patronize George's Lawn Equipment shop in El Cajon, California, but was unable to do so because there were no parking spaces marked and reserved for

18cv112

persons with disabilities.  Plaintiff also alleges the transaction counter at George's Lawn Equipment does not meet the requirements of the ADA.  Plaintiff's Complaint alleges one claim under the ADA and another claim under California's Unruh Civil Rights Act.

## II.

## DISCUSSION

Defendant argues Plaintiff's Complaint should be dismissed because Plaintiff has failed to allege sufficient facts to support his claim about the parking spaces at George's Lawn Equipment.

### A.   Legal Standard

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

"Determining whether a complaint states a plausible claim for relief will ... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679 (citing *Iqbal v. Hasty*, 490 F.3d 143, 157-58 (2d Cir. 2007)).  In *Iqbal*, the Court began this task "by identifying the allegations in the complaint that are not entitled to the assumption of truth." *Id.* at 680. It then considered "the factual allegations in respondent's complaint to determine if they plausibly suggest an entitlement to relief." *Id.* at 681.

### B.   Parking Space

As stated above, Plaintiff alleges he attempted to patronize George's Lawn Equipment, but there were no reserved handicapped parking spaces.  Specifically, Plaintiff alleges, "there were no parking spaces marked and reserved for persons with

disabilities during plaintiff's visit." (Compl. ¶ 11.) Plaintiff further alleges "there is not a single parking space marked and reserved for persons with disabilities." (*Id.* ¶ 12.)

Defendant asserts this is insufficient to state a claim for violation of the ADA. Citing 2010 ADA Standards, § 216.5, Defendant argues that "where a total of four or fewer parking spaces are provided on site, as here, no reserved accessible spaces are required." (Mot. at 3.) According to Defendant, Plaintiff must set forth additional facts to state a claim, namely how many parking spaces were available at the time of Plaintiff's attempted visit. (*Id.* at 4.) Defendant fails to cite any authority supporting her suggestion, nor has the Court found any case law stating an ADA plaintiff must set forth the number of parking spaces available to state a claim under the ADA. Rather, all that is required is a short and plain statement of the claim showing that Plaintiff is entitled to relief. Fed. R. Civ. P. 8(a)(2). Plaintiff's complaint meets the noticed pleading standards of the Federal Rules.[1]

Plaintiff also points out that he will present evidence showing that Defendant's parking lot has more than four parking spaces, and even if the parking lot fell within the "four or fewer" space exception, the parking lot still would be deemed inaccessible for failure to comply with standards for small lots. (Oppo. Br. at 2.) Of course, these are factual disputes that may not be addressed at this stage of the pleadings.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

---

[1] Defendant also argues Plaintiff's claim concerning the transaction counter must be dismissed. In her reply brief, however, she clarifies that her request to dismiss this claim is based on Plaintiff's alleged failure to encounter a parking barrier. (Reply at 6.) Because Plaintiff has adequately alleged that claim, Defendant's argument concerning the transaction counter does not warrant dismissal of the Complaint.

1

## III.

## CONCLUSION AND ORDER

For these reasons, the Court denies Defendant's motion to dismiss.

**IT IS SO ORDERED**.

DATED:  April 24, 2018

HON. DANA M. SABRAW
United States District Judge

18cv112